UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAURA LEE SMITH,

           Petitioner,

     v.

DOUG COLE,

           Respondent.

CASE NO. C10-5325BHS/JRC

REPORT AND RECOMMENDATION

Noted for November 26, 2010

The underlying Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and (B), and Local Magistrate Judge's Rules MJR3 and MJR4.

This case is before the Court on Respondent's Motion to Dismiss Federal Habeas Petition as Time-Barred Based on 28 U.S.C. § 2244(d). (ECF No. 13.) Petitioner has filed a Response. (ECF No. 15.)

The underlying petition is time-barred pursuant to the statute of limitations put forth in 28 U.S.C. § 2244(d). In addition, no grounds for statutory or equitable tolling are present. Although

REPORT AND
RECOMMENDATION - 1

Petitioner contends that she was not made aware of the need to file a petition for review, this alleged fact, even if true, does not warrant "extraordinary circumstances" beyond Petitioner's control that would justify equitable tolling of the statue of limitations.

Furthermore, although the issue is raised by Respondent only in a footnote in the motion to dismiss (ECF No. 13, p. 11, n.2), it is clear from the undisputed facts contained in the pleadings that Petitioner has failed to exhaust her state remedies, which constitutes an independent ground for dismissal.

For the above reasons, this Court recommends that Respondent's motion to dismiss be GRANTED.

## FACTS

The Washington Court of Appeals summarized the facts that are germane to this petition as follows:

> Mark David Peterson, a mechanic, lived in a mobile home on 20 acres of property located at 17320 82nd Avenue East in Puyallup, Washington. He maintained the property owner's heavy equipment and vehicles in exchange for use of the property. Peterson's sister, Laura Lee Smith, [Petitioner] also lived on the property in a separate trailer. She moved in at some point prior to December, 2005.
> Peterson['s] and Smith's homes were on the front portion of the property, along with a garage and several constructions shacks. The back portion of the property was wooded and according to Peterson has many active trails running through it. He had an open door policy and let others store items in the shop on the property. Peterson did not look through other people's "stuff". But there were times when he asked friends to remove their items from the property because it did not appear "legitimate." Peterson also had an ongoing problem of trespassers on the 20-acre property. In the past, he had a haz-mat team or the fire department come to clean garbage and "[s]tuff that [he] believe[d] was related to this manufacturing of drugs" off of the property.
> On January 20, 2006, a multi-agency clandestine drug lab team executed a search warrant at 17320 82nd Avenue East. During the search, the deputies came in contact with both Peterson and Smith.
> Smith denied knowledge of the manufacture of any methamphetamine on the property. She initially indicated that the police would not find any drug manufacturing related items or drug paraphernalia in her trailer, but later

>indicated that the police may find smoking pipes or drug pipes because she allowed friends to smoke drugs in her trailer. Smith also indicated that she allowed friends to store things in her garage. But, she could not remember any names of those friends at the time. Peterson also denied any knowledge of the manufacture of methamphetamine and could not remember the names of any friends that stored items on the property.
>
>The clandestine drug lab team found several alleged drug-related items in both Peterson's mobile home and Smith's trailer. In Smith's trailer, Deputy Shaun Darby of the Pierce County Sheriff's Department, found several glass pipes of the type commonly used to smoke narcotics. He also located a digital gram scale, several small Ziploc-style baggies in a jewelry box on top of a chest of drawers, and packages of Sudafed brand cold pills on top of the chest of drawers. In addition, Deputy Darby found two bottles of the fuel additive HEET in Smith's kitchen, which is a precursor to the manufacture of methamphetamine. He found coffee filters in the kitchen, but no coffee pot. . . .
>. . .
>Deputy Johanson also found several items he believed to be related to the manufacture of methamphetamine in the garage, including vinyl tubing connected to a modified garden sprayer, deteriorated coffee filters, one with staining, a can of Coleman fuel, funnels, glass jars, drinking glasses, Red Devil lye, a propane tank containing anhydrous ammonia, and muriatic acid. He found a 'meth[amphetamine] lab in a box' located in a blue portable tote which he located in the garage as well.
>. . .
>The State charged Smith with unlawful manufacturing of a controlled substance, methamphetamine; unlawful possession of pseudo[e]phedrine and/or ephedrine with intent to manufacture methamphetamine; first degree possession of stolen property; and unlawful use of drug paraphernalia.
>
>The trial court held a CrR 3.5 hearing and found all of Smith's and Peterson's statements were admissible. A jury convicted both Smith and Peterson in a consolidated trial.
>
>Smith pleaded guilty to unlawful use of drug paraphernalia. The jury found Smith guilty of unlawful manufacturing of a controlled substance; unlawful possession of a controlled substance, pse[u]do[e]phedrine and/or ephedrine with intent to manufacture methamphetamine; [and] second degree possession of stolen property. The jury also returned a special verdict, finding Smith was manufacturing methamphetamine within 1000 feet of a school bus route stop. The jury found Peterson guilty of unlawful manufacturing of a controlled substance, methamphetamine and unlawful possession of a controlled substance, cocaine.

(Respondent's Mot. to Dismiss, ECF No. 13, Attach. 2, pp. 18-22 (internal citations and footnote omitted.))

REPORT AND
RECOMMENDATION - 3

PROCEDURAL HISTORY

Petitioner was found guilty on September 1, 2006 by jury verdict of one count of unlawful manufacture of a controlled substance, methamphetamine; one count of unlawful possession of pseudoephedrine and/or ephedrine with intent to manufacture methamphetamine; and, one count of second degree possession of stolen property. (Respondent's Mot. to Dismiss, ECF No. 13, Attach. 1, pp. 2-11.) On September 15, 2006, counsel for Petitioner filed a notice of appeal of Petitioner's convictions to the Washington Court of Appeals, Division II. (Respondent's Mot. to Dismiss, ECF No. 13, Attach. 1, p. 22.) In Petitioner's opening brief, filed on April 13, 2007, she raised the sole issue of "Did the state present sufficient evidence to establish that [Petitioner] possessed the Chevy Astro van with knowledge it was stolen?" (Id. at pp. 24, 48-56.) Petitioner also filed a statement of additional grounds for review. (Respondent's Mot. to Dismiss, ECF No. 13, Attach. 2, pp. 2-14.)

On January 19, 2007, the Washington Court of Appeals consolidated Petitioner's appeal with the direct appeal of her co-defendant, Mark Peterson. (Id. at p. 16.) On February 12, 2008, the Washington Court of Appeals issued an unpublished opinion affirming Petitioner's convictions and sentence. (Id. at pp. 17-44.) Petitioner did not file an appeal to the Washington Supreme Court of the opinion of the Washington Court of Appeals affirming her convictions and sentence. Although Petitioner's appeal was consolidated in the Washington Court of Appeals, only her co-defendant, Mark Peterson, through counsel, filed a petition for review in the Washington Supreme Court. (Id. at pp. 46-66.) Following the completion of Mr. Peterson's appeal to the Washington Supreme Court, the Washington Court of Appeals issued a mandate in Petitioner's case on October 1, 2008. (Id. at pp. 96-97.)

On June 9, 2009, Petitioner filed a personal restraint petition in the Washington Court of Appeals. (Respondent's Mot. to Dismiss, ECF No. 13, Attach. 3, pp. 2-50.) Petitioner raised the following issues in her personal restraint petition: "Pierce County Deputy Sheriff Tara

REPORT AND
RECOMMENDATION - 4

Simmelink-Lovely deliberately and recklessly omitted material and factual information from her affidavit for the application of a search warrant that would have impacted the issuance of that warrant; [Petitioner]'s Fourth Amendment right to be free from Unlawful Searches and Seizures was violated when the magistrate issued a search warrant based on the affidavit filed by Pierce County Deputy Sheriff Tara Simmelink-Lovely; the trial court erred when it allowed the State to include a School Bus Zone Enhancement and then sentenced [Petitioner] with that enhancement when there were errors in the process and the determination of the offense." (Respondent's Mot. to Dismiss, ECF No. 13, Attach. 3, p. 3.) The Acting Chief Judge of the Washington Court of Appeals issued an order dismissing Petitioner's petition on November 25, 2009. (Respondent's Mot. to Dismiss, ECF No. 13, Attach. 4, pp. 95-99.) Petitioner did not file an appeal of this order by the Washington Court of Appeals to the Washington Supreme Court. On January 28, 2010, the Washington Court of Appeals issued a certificate of finality in Petitioner's case. (Id. at p. 101.)

On May 7, 2010, Petitioner filed a motion in this Court for leave to proceed *in forma pauperis*, along with her proposed petition for writ of habeas corpus. (ECF No. 1.) On June 30, 2010, Petitioner filed the underlying petition for writ of habeas corpus. (ECF No. 6.)

## DISCUSSION

**1. Statute of Limitations**

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2006).

Pursuant to 28 U.S.C. § 2244(d)(1)(A), the limitation period begins to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Id. Here, the statute of limitations for Petitioner's federal habeas corpus petition began to run on March 13, 2008, which was the last day Petitioner could have filed a petition for review of the February 12, 2008 decision of the Washington Court of Appeals affirming Petitioner's convictions and sentence. The time for filing Petitioner's habeas corpus petition therefore expired on March 13, 2009. Since petitioner did not file her habeas corpus petition until June 30, 2010, her petition was untimely.

Therefore, unless Petitioner qualifies for tolling of the one-year statute of limitations, her habeas corpus petition is time barred pursuant to 28 U.S.C. § 2244(d)(1).

### a. Statutory Tolling

The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1), provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." However, 28 U.S.C.A. § 2244(d)(1)(B) through (D) provides for statutory tolling: (1) if State action created an impediment to the filing of the petition in violation of the Constitution or laws of the United States; (2) if the U.S. Supreme Court recognized a new constitutional right and made it

REPORT AND
RECOMMENDATION - 6

retroactively applicable to cases on collateral (as opposed to direct) review; or (3) if the petitioner learned of the factual predicate to the claim or claims that could not earlier have been discovered through the exercise of due diligence. Petitioner does not contend that statutory tolling applies to the filing of her habeas petition; and, furthermore, she does not allege any facts suggesting that statutory tolling applies. The Court finds that statutory tolling is not applicable to Petitioner's filing of her habeas petition.

### b. Equitable Tolling

The one-year statute of limitations under 28 U.S.C. § 2244(d) is subject to equitable tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (*quoting* Calderon v. United States Dist. Court (Kelly),163 F.3d 530, 541 (9th Cir. 1998) (en banc)) (other citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id. However, "equitable tolling is unavailable in most cases." Miles, 187 F.3d at 1107 (*citing* Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997)). To obtain equitable tolling, petitioner has the burden of showing both that petitioner pursued his or her rights diligently, and that "extraordinary circumstances" prevented petitioner's filing. Pace v. DiGuglielmo, 544 U.S. 408, 418, (2005) (*citing* Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)).

According to Petitioner, the reasons for the delay were that she "was not made aware of the fact [she] was to file a petition for review"; and she "was notified that [her] co-defendant filed for a petition for review and [she] was under the impression that since [her] case was consolidated with his that this applied to [her] also". (Petitioner's Resp., ECF No. 15, p. 1.)

Unfortunately for Petitioner, neither of these asserted facts rise to the level of an "extraordinary circumstance" beyond her control.

In addition, the record does not reflect that Petitioner pursued her rights diligently subsequent to the decision of the Washington Court of Appeals. See Pace, 544 U.S. at 418. Therefore, Petitioner is not entitled to equitable tolling and her federal petition is barred by the statute of limitations. Id.; 28 U.S.C. § 2244(d)(1) (2006).

**2. Requirement of Exhaustion of State Remedies**

A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief prior to filing a petition in federal court. As a threshold issue, the court must determine whether or not petitioner has properly presented the federal habeas claims to the state courts. According to 28 U.S.C. § 2254(b)(1),

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that:
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available state corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1) (2006).

In order to exhaust state remedies, petitioner's claims must fairly have been presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 275, 278 (1971) ("the substance of a federal habeas corpus claim must first be presented to the state courts") (citations omitted); Schwartzmiller v. Gardner, 752 F.2d 1341, 1344 (9th Cir. 1984) (citations omitted). This requirement applies even if such review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845, 847 (1999); Larche v. Simons, 53 F.3d 1068, 1071 (9th Cir. 1995) ("a misdemeanor appellant, whose direct appeal is exhausted before reaching the state's highest court, must then

appeal to that court by means of habeas proceedings in order to exhaust his claims for federal habeas purposes.") "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c) (2006).

Therefore, even if the Court were to assume that the circumstances of this case warrant equitable tolling of the statute of limitations, Petitioner's petition must nevertheless be dismissed as Petitioner's claims are unexhausted. Petitioner did not file an appeal to the Washington Supreme Court of the February 12, 2008 opinion of Washington Court of Appeals affirming her convictions and sentence. In addition, Petitioner did not file an appeal to the Washington Supreme Court of the November 25, 2009 order by the Washington Court of Appeals dismissing Petitioners personal restraint petition. Therefore, Petitioner's claims are unexhausted. See 28 U.S.C. § 2254(b)(1) (2006).

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of her federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2) (2006). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (*citing* Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

REPORT AND
RECOMMENDATION - 9

## CONCLUSION

Petitioner's habeas corpus petition is time barred by the statute of limitations; and, Petitioner did not exhaust her state remedies. This petition should be DISMISSED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003), *cert. denied,* 157 L. Ed. 2d 182, 2003 U.S. LEXIS 5973 (2003) (In the context of a Federal Rule of Criminal Procedure 11 plea colloquy with defendants' consent, the court concluded that: "The statute makes it clear that the district judge must review the magistrate judge's finding and recommendations de novo *if objection is made,* but not otherwise"); see also Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 26, 2010, as noted in the caption.

Dated this 5th day of November, 2010.

J. Richard Creatura
United States Magistrate Judge